# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY NAVETTA, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 14-5724 |
| | : | |
| KIS CAREER SCHOOL, INC. | : | |
| d/b/a KEYSTONE TECHNICAL | : | |
| INSTITUTE, | : | |
|     Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                      May 4, 2016

      This is an employment discrimination action brought by Nancy Navetta against KIS Career School, Inc., her former employer. Ms. Navetta alleges that the defendant violated Title VII of the Civil Rights Act, the Americans with Disabilities Act ("the ADA"), the Age Discrimination in Employment Act (the "ADEA"), and the Pennsylvania Human Relations Act, (the "PHRA"). The defendant filed a motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure seeking either the dismissal of this matter or the transfer of venue from the Eastern District of Pennsylvania to the Middle District of Pennsylvania. The plaintiff opposes the motion. For the following reasons, I will grant the motion and transfer this action to the Middle District.

## I. BACKGROUND

      On the date the complaint was filed, Ms. Navetta was a fifty-five year old resident of Harrisburg, Pennsylvania. She served as the defendant's Dean of Education beginning on February 22, 2012 until her termination in April 2013. See Compl. ¶¶ 14, 42. The

complaint alleges that during her employment with the defendant and especially under the supervision of Norman Rankis, Ms. Navetta fully performed her job duties and received above-average job evaluations for her work performance.  Id. at ¶ 15.  When Mr. Rankis left the defendant's employ, his duties were assumed by David Snyder, the defendant's president.  Id. at ¶ 18.

The complaint alleges that Mr. Snyder created a hostile work environment for Ms. Navetta based upon her age and her sex.  Id. at ¶ 19.  He allegedly made inappropriate and negative remarks about women on several occasions in Ms. Navetta's presence.  Id. at ¶ 20.  He even told Ms. Navetta that she may have been too old for her position.  Id. at ¶ 21.  Despite complaints, Mr. Snyder's behavior continued, and in fact, worsened.  Id. at ¶¶ 22, 23, 31.  He allegedly complained to Ms. Navetta that she was trying to turn the school into an old age home or a retirement community, judging by the instructors Ms. Navetta had hired.  Id. at ¶ 28.

Furthermore, Mr. Snyder was aware that Ms. Navetta's husband suffered from a disability.  Id. at ¶ 35.  Even with this knowledge, Mr. Snyder made negative comments about individuals with disabilities in Ms. Navetta's presence.  Id. at ¶ 36.  In fact, because of her husband's disability, Ms. Navetta needed to leave ten to fifteen minutes early each day to transport her husband from his employment.  Id. at ¶ 37-38.  Mr. Snyder began to require Ms. Navetta to inform other staff that she was leaving the building to transport her husband.  Id. at ¶ 40.  Ms. Navetta characterizes this requirement as an attempt to harass her because the same requirement was not imposed on other staff who did not associate with individuals with known disabilities.  Id. at 41.

On March 20, 2013, Mr. Snyder gave a negative performance review to Ms. Navetta which indicated that she was not performing her job.  Id. at ¶ 32.  She was given a month to show improvement, or face termination.  Id. at ¶ 34.  Ms. Navetta claims that this review was a pretext to induce her resignation.  Id. at ¶ 33.  Nevertheless, Ms. Navetta complied with all of Mr. Snyder's directives during that month, and was informed by Mr. Snyder that she was improving.  Id. at 34.  On April 20, 2013, Mr. Snyder accused Ms. Navetta of violating company policy and terminated her employment.  Id. at ¶ 42.  Ms. Navetta is certain that this adverse employment action was a pretext for discrimination.  Id. at ¶ 43.

## II.  LEGAL STANDARD

When a defendant moves for dismissal of a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(3), it bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district.  See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1981); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Title 28 of the United States Code, Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  Section 1404(a) applies to cases where venue would be proper in both the original and requested locations.  Jumara, 55 F.3d at 878.  The court must "consider all relevant factors" to assess "whether on balance the litigation would more conveniently proceed and the

interests of justice be better served by transfer to a different forum." Id. at 879.  In Section 1404(a) cases, "the burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); see also Jumara, 55 F.3d at 879 (quoting 15 Charles A. Wright, et al., Federal Practice & Procedure § 3848 (2d ed. 1986)); see also Lempke v. GE, 2011 U.S. Dist. LEXIS 96185 *8 (E.D. Pa. Aug. 23, 2011); Elbeco Inc. v. Estrella de Plato, Corp., 989 F. Supp. 669, 679 (E.D. Pa. 1997).  While the burden is on the defendant, the defendant is not required to show "truly compelling circumstances for such a change [of venue, but rather that if] all relevant things [were] considered, the case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001) (quoting In re Balsimo, 68 F.3d 185, 187 (3d Cir. 1995)).

In making this determination, a court must balance several private and public interest factors weighing in favor of or against transfer.  Jumara, 55 F.3d at 883.  The following private interest factors are to be considered:  (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their physical and financial condition; (5) convenience of the witnesses (to the extent that they may be unavailable for trial in one of the fora); and (6) location of the evidence.  Id.  The relevant public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty in the two fora resulting from court congestion; and (4) local interest in deciding local controversies at home.  Jumara, 55 F.3d at 879-880.

## III.  DISCUSSION

### A.  The Plaintiff's Forum Preference

The first factor to be considered is the plaintiff's choice of venue.  Traditionally, "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed."  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  However, it is also well established that a plaintiff's choice of forum "is not always controlling; otherwise Section 1404(a) would be meaningless."  Bartolacci v. Church of Jesus Christ of Latter Day Saints, 476 F. Supp. 381, 383 (E.D. Pa. 1979).  Additionally, where the "plaintiff chooses a forum other than her state of residence, her choice is given less weight."  Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001).  The plaintiff's choice is given even less deference if none of the operative facts occurred in the forum state.  White v. SmithKline Beecham Corp., 2007 U.S. Dist. LEXIS 30954, 2007 WL 1237952, at *2 (E.D. Pa. 2007); see also McMillan v. Weeks Marine, Inc., 2002 U.S. Dist. LEXIS 23610, 2002 WL 32107617, at *1 (E.D. Pa. 2002); Leatherman v. Cabot Oil & Gas Corp., 2013 U.S. Dist. LEXIS 45297, 2013 WL 1285491, *2 (E.D. Pa. March 29, 2013); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).  When the plaintiff is not a resident of the chosen forum, she must make a "strong showing of convenience" in order for her choice to be given deference.  Windt v. Qwest Communications Intern., Inc., 529 F.3d 183, 190 (3d Cir. 2008).

Here, the plaintiff insists that while she was employed by the defendant, the defendant maintained its registered corporate office at 212 Hillview Circle, Leesport,

Berks County, Pennsylvania, located in the Eastern District of Pennsylvania. She argues that because the employment decisions that affected her were made from the Leesport location, and because the defendant is a large employer and school with various community ties in the Middle District, she chose the Eastern District as the appropriate venue in which to sue the defendant. See Compl. ¶¶ 4, 11.

The defendant counters that this forum is inconvenient, and attempts to show that the Leesport location is just a residential address used solely for the purpose of the defendant's initial formation, registration, and corporate filings with the Pennsylvania Department of State. It insists that no business was ever conducted from that address. Through the affidavit of David W. Snyder, the defendant's President and CEO, the defendant further responds that it is a Pennsylvania corporation that does business as Keystone Technical Institute in Harrisburg, Pennsylvania. Exhibits attached to the affidavit show that as of June 10, 2013, the defendant's correct registered business address is 2301 Academy Drive, Harrisburg, Pennsylvania, 17111. Prior to that, the defendant's registered business address was at 212 Hillview Circle, Leesport, Pennsylvania 19533. At the time the defendant was established in 2002, it had not yet purchased Keystone Technical Institute, or any other career school, and, as a result, the residential address in Leesport was used solely for the purpose of its corporate filings.

Mr. Snyder further alleges that the defendant does not conduct, or has it ever conducted, any business from the address in Leesport, Pennsylvania, and does not maintain business records or have a physical office at that address. Instead, the defendant

conducts all of its business as "KTI," from its registered and principal place of business in Harrisburg.

On June 10, 2013, a couple of months after terminating Ms. Navetta, the defendant filed a Statement of Change of Registered Office with the Pennsylvania Department of State, changing its registered address to its office in Harrisburg, Pennsylvania allegedly to reflect where the defendant conducts, and has at all times conducted, all of its business. I note that the complaint was filed on October 8, 2014, well over a year after this change was made.

All of the claims alleged by the plaintiff arise out of her former employment relationship with the defendant. At all times during her employment with the defendant, Ms. Navetta worked at the defendant's office in Harrisburg, Pennsylvania. All meetings between the plaintiff and the defendant relevant to her employment with the defendant, including her termination, took place at the defendant's school campus in Harrisburg.

Ms. Navetta is not a resident of the Eastern District of Pennsylvania, and none of the events or facts alleged in the complaint occurred in the Eastern District. Ms. Navetta resides in the Middle District of Pennsylvania and all the events alleged occurred at the defendant's campus in Harrisburg, also located in the Middle District. Although Ms. Navetta selected the Eastern District of Pennsylvania as her preferred forum, I cannot give it the deference typically afforded a plaintiff's choice, given the circumstances here. Thus, this first factor weighs only slightly in favor of transfer.

### B. The Defendant's Forum Preference

The second factor calls for consideration of the defendant's choice of venue. The defendant's forum preference is given considerably less weight than the plaintiff's. Conroy v. Penn. Turnpike Comm'n, 2011 U.S. Dist. LEXIS 12564, 2011 WL 578779, at *2 (W.D. Pa. 2011) (quoting Penn Mut. Life Ins. Co. v. BNC Nat'l Bank, 2010 U.S. Dist. LEXIS 91362, 2010 WL 3489386, at *8 (2010)).

The defendant prefers to litigate this suit in the Middle District of Pennsylvania. While a defendant's choice of forum is generally given less weight than the plaintiff's, this factor still weighs in favor of transferring the matter to the Middle District. See Leatherman, 2013 WL 1285491, at *2 (citing Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D. Pa. 2008)).

### C. Whether the Claims Arose Elsewhere

Next, under the third private interest factor, consideration is to be given as to whether the claims arose elsewhere. "When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." Hamilton v. Nochimson, 2009 U.S. Dist. LEXIS 62644, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009). The plaintiff argues that the relatively short geographic distance between Philadelphia and Harrisburg should not be considered to cause significant inconvenience. Notwithstanding the defendant's registered office being located in Leesport until June 2013, all of the acts and events which give rise to the plaintiff's claims occurred in the Middle District of Pennsylvania. In fact, the plaintiff's complaint

does not allege any facts which would suggest that any event occurred anywhere other than the Middle District. Therefore, this factor weighs heavily in favor of transfer.

**D. The Convenience of the Parties**

The convenience of the parties is also a consideration in determining whether transfer is in the interest of justice. As both parties reside and conduct business within the Middle District of Pennsylvania, it would be more convenient for the case to proceed in the Middle District. Admittedly, the plaintiff's counsel is based in the Eastern District of Pennsylvania. However, "[t]he convenience of counsel is not a factor to be considered." Leatherman, 2013 WL 1285491, at *2 (quoting Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973)). Accordingly, this factor also weighs in favor of transfer.

**E. The Convenience of the Witnesses**

The convenience of witnesses is often cited as the most important factor in a motion to transfer venue under § 1404(a). See Headon v. Colo. Boys Ranch, 2005 U.S. Dist. LEXIS 44141, 2005 WL 1126962, at *7 (E.D. Pa. May 5, 2005). In Jumara, the Third Circuit noted that § 1404(a) motions consider the convenience of the witnesses to the extent that the witnesses may actually be unavailable for trial in the forum. Jumara, 55 F.3d at 879. It is the burden of the defendant to identify witnesses who would be unavailable at trial under this factor. Id. Additionally, the focus should be on non-party witnesses and their relative importance. TriState HVAC Equip., 752 F. Supp. 2d at 539 (quoting Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 570 (M.D. Pa. 1999)); Lucent

Techs., Inc. v. Aspect Telecomms. Corp., 1997 U.S. Dist. LEXIS 12811, 1997 WL 476356, at *5 (E.D. Pa. 1997).

Here, the plaintiff insists that the convenience of the witnesses is not an issue. The defendant has not identified any witnesses that would be unavailable and the plaintiff believes that most of the defendant's witnesses are employees of the defendant. Where neither party is able to identify any witness who would be unavailable for trial in either district, the court must find that this factor is neutral.

### F. Location of the Evidence

The final private factor to be considered is the location of the books and records. A district court may consider the location of books and records "only to the extent they may be unavailable in one fora." Jumara, 55 F.3d at 879. The defendant insists that all of its books and records are kept at its registered and primary business office in Harrisburg, Pennsylvania, where it conducts all of its business. However, it is likely that any records or evidence that would be needed at trial could easily and inexpensively be transported either electronically or physically. This factor is also neutral.

### G. Public Interest Factors

The public's interest in practical considerations that could make trial easy, expeditious, or inexpensive weighs in favor of transfer. Jumara, 55 F.3d at 879. A trial in the Middle District of Pennsylvania would be easier for all parties involved. The required travel time and expenses likely to be incurred by both parties would be less burdensome if trial were held in the Middle District as opposed to the Eastern District. The parties and witnesses would be forced to travel over one hundred miles to the

courthouse in Philadelphia, Pennsylvania, as opposed to travelling less than ten miles to the courthouse in Harrisburg, Pennsylvania.  This additional travel would place a greater burden on the parties and witnesses, and require more resources to be expended than if the case proceeded in the Middle District.

Further, the Middle District has a strong local interest in resolving the plaintiff's employment discrimination claim.  Cameli v. WNEP-16 The News Station, 134 F.Supp.2d 403, 407 (E.D. Pa. 2001) (granting transfer to Middle District of Pennsylvania where the plaintiff is a resident of the Middle District who is claiming discrimination by a Middle District defendant, and all the relevant conduct occurred in the Middle District); see also Cable v. Allied Interstate, Inc., 2012 U.S. Dist. LEXIS 67111, 2012 WL 1671350, at *5 (E.D. Pa. May 11, 2012) ("The Middle District of Pennsylvania has substantially more interest in this case than does this court.  Plaintiffs . . . suffered all of their injuries there.  This case has no relation to the Eastern District of Pennsylvania other than the location of plaintiffs' counsel.")  As a result, the Middle District's local interest in resolving this dispute weighs in favor of transfer.

The remaining public interest factors, however, of enforceability of judgment, court congestion in the two fora, and familiarity of the trial judge with applicable state law are all neutral.  Any judgment entered in this action would be equally enforceable if the case were tried in either the Eastern District or Middle District of Pennsylvania.  Similarly, because both districts are seated within Pennsylvania, the trial judges in each district will be equally familiar with the state law applicable to this case.

Accordingly, upon consideration of the private and public interest factors, I am convinced that these factors weigh in favor of transferring this action to the Middle District of Pennsylvania.

In conclusion, this case has nothing to do with the Eastern District of Pennsylvania and should be heard in the Middle District of Pennsylvania. I therefore conclude that the defendants have met their burden of demonstrating that transferring this case to the Middle District of Pennsylvania would be in the interest of justice. Accordingly, those parts of the defendant's motion requesting transfer to the Middle District of Pennsylvania are granted. The parts requesting that I dismiss the action are denied.

An appropriate Order follows.